IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSH McCLOUD, </br>     Petitioner, </br>   vs. </br> GERALD ROZUM, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, </br>     Respondents. | ) </br> ) </br> ) Civil Action No. 11-2 E </br> ) </br> ) Senior District Judge Maurice B. Cohill/ </br> ) Magistrate Judge Maureen P. Kelly </br> ) </br> ) </br> ) |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By A Person In State Custody (the "Petition") be denied and that a Certificate of Appealability likewise be denied.

### II. REPORT

Josh McCloud ("Petitioner") has filed this Petition seeking to attack state court convictions for Aggravated Assault, Simple Assault and Recklessly Endangering Another Person, in connection with Petitioner's random attack on another person, using a brick to strike the victim on the head. After the attack, Petitioner ran away. Subsequently, the victim saw the Petitioner featured on a news broadcast which reported that Petitioner had struck another individual on the head with a rock. Petitioner was eventually charged with attempted homicide in the case featured on the news broadcast (hereinafter "the attempted homicide case"). After viewing the news broadcast about Petitioner and the attempted homicide case, the victim in the instant case contacted the police and identified Petitioner as his attacker. The victim also identified Petitioner at trial as his attacker. Petitioner took the stand in his own defense. The

jury in the Erie County Court of Common Pleas convicted Petitioner of the charges at issue herein.

Petitioner now raises three grounds on which he claims in the Petition that he is being held in violation of the Constitution, laws or treaties of the United States.

> [1.] DID TRIAL COUNSEL HESSLEY FAIL TO INFORM NEWLY APPOINTED COUNSEL UNGERMAN THAT A NOTICE OF ALIBI WITNESS NEEDS TO BE FILED ON PETITIONER[']S BEHALF.

ECF No. 9 at 5.

> [2.] WAS TRIAL COUNSEL UNGERMAN, INEFFECTIVE FOR FAILING TO FILE PETITIONER[']S DIRRECT [sic] APPEAL.

Id., at 7.

> [3.] DID THE ERIE COUNTY COURT OF COMMON PLEAS ABUSE ITS DISCRETION BY USING INSUFFICIENT REASONS PLACED ON THE RECORD FOR JUSTIFYING AN [sic] SENTENCE THAT HE [i.e., Petitioner] HAS NOT EXCEEDED THE AG[G]RAVATED RANGER [sic] FOR.

Id., at 8.

The first ground was addressed on the merits by the state courts and Petitioner has not shown that the disposition by the state courts was contrary to or an unreasonable application of United States Supreme Court precedent. The second ground is procedurally defaulted because it was never raised in any state court, and, in the alternative, is meritless because Petitioner himself filed a direct appeal pro se and had counsel represent him on that appeal. The third ground raises solely a state law claim which is not cognizable in these federal habeas proceedings. Accordingly, the Petition should be denied. Because jurists of reason would not find the foregoing recommendation debatable, a Certificate of Appealability should likewise be denied.

### A. Procedural History

Petitioner initiated these proceedings by the filing of an Application to Proceed In Forma Pauperis ("the IFP Application"). ECF No. 1. After the Court denied the IFP Application, ECF No. 7, Petitioner paid the filing fee. ECF No. 8. The Petition was filed. ECF No. 9.[1] The Respondents filed their Answer. ECF No. 11. The Respondents also caused the State Court Record to be transmitted to this Court. ECF No. 12. Petitioner then filed a Traverse. ECF No. 17.

### B. Applicable Legal Principles

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (the "AEDPA") which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because Petitioner's habeas Petition was filed after its effective date, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Where the state courts have reviewed a federal issue presented to them and disposed of the issue on the merits, and that issue is also raised in a federal habeas petition, the AEDPA provides the applicable deferential standards by which the federal habeas court is to review the state courts' disposition of that issue. See 28 U.S.C. § 2254(d) and (e).

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court has expounded upon the standard found in 28 U.S.C. § 2254(d). In Williams, the Supreme Court

---

[1] Respondents contend that the Petition is untimely because even if these proceedings were commenced in a timely manner by the filing of the IFP Application, because the IFP Application was denied and Petitioner did not pay the filing fee until, September 1, 2011, which, according to Respondents, is after the statute of limitations had run. ECF No. 11 at 3 – 4. In light of the recommended disposition, we do not address this argument. It is noted that the Respondents are incorrect in their assertion that the filing fee was not paid until September 1, 2011. The docket reflects that Petitioner paid the filing fee on July 18, 2011. ECF No. 8.

explained that Congress intended that habeas relief for errors of law may only be granted in two situations: 1) where the state court decision was "contrary to . . . clearly established Federal law as determined by the Supreme Court of the United States" or 2) where that state court decision "involved an unreasonable application of[] clearly established Federal law as determined by the Supreme Court of the United States." Id. at 404-05 (emphasis deleted). The Supreme Court explained the two situations in the following terms:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. at 412-13. The United States Court of Appeals for the Third Circuit has also elucidated the "contrary to" clause by noting that "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Werts v. Vaughn, 228 F.3d at 197 (quoting Matteo v. Superintendent, SCI-Albion, 171 F.3d 877, 888 (3d Cir. 1999)(en banc)). Moreover, it is Petitioner's burden to prove the state court decision is either contrary to or an unreasonable application of clearly established federal law. See Matteo, 171 F.3d at 888; Werts v. Vaughn, 228 F.3d at 197. Under the "contrary to" clause, the relevant universe of analysis is restricted to the holdings of United States Supreme Court cases as they existed at the time of the state court decision. Williams, 529 U.S. at 412. In contrast, under the "unreasonable application" clause, federal habeas courts may consider lower federal court cases in determining whether the state court's application of United States Supreme Court precedent was objectively unreasonable. Matteo, 171 F.3d at 890.

4

The AEDPA also permits federal habeas relief where the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d)(2).

### C. Discussion

#### 1. Ineffective Assistance For Late Filing of the Alibi Notice

The first ground Petitioner raises is a claim that his trial counsel were ineffective for failing to timely file a notice of alibi defense. He bases this claim on the following facts. Petitioner was represented by an attorney from the Public Defender's Office by the name of Bernard Hessley who represented Petitioner from approximately July 2006, *i.e.*, the time of Petitioner's preliminary hearing, until sometime in late August or early September 2006, when Attorney Hessley resigned from the Public Defender's Office to take other employment. At that time another attorney by the name of J. David Ungerman, also employed by the Public Defender's Office took over Petitioner's representation. Trial was scheduled for Monday, November 6, 2006. On Friday November 2, 2006, Attorney Ungerman filed a Notice of Alibi Defense. The prosecution then filed a Motion to Quash the Notice of Alibi Defense as being untimely filed. On November 6, 2006, the Court of Common Pleas granted the prosecution's Motion to Quash the Notice of the Alibi Defense as being untimely filed. Petitioner was convicted on November 6, 2006 by a jury of all three charges.

Petitioner's claim made herein, raising the ineffectiveness of his trial counsel for failing to timely file a Notice of Alibi Defense was also raised in his Post Conviction Relief Act ("PCRA") Petition, which the PCRA trial court denied without a hearing. Upon appeal, the Pennsylvania Superior Court vacated the PCRA trial court's order denying PCRA relief without a hearing and remanded the case for the PCRA trial court to conduct an evidentiary hearing on

the claim of the ineffectiveness of trial counsel for failing to timely file the Notice of Alibi Defense. The PCRA trial court conducted an evidentiary hearing at which Petitioner testified as did both of Petitioner's trial counsel. The PCRA trial court denied relief. Petitioner appealed to the Pennsylvania Superior Court which affirmed the denial of relief.

The Superior Court addressed the issue of alleged ineffectiveness of trial counsel for failing to timely file the Notice of Alibi Defense as follows:

> It is evident that neither of Appellant's trial attorneys filed a timely notice of an alibi defense and on that basis the trial court granted the Commonwealth's motion to quash Appellant's notice, thus, eliminating any testimony from anyone at trial other than Appellant where Appellant was at the relevant time. However, due to the absence in the record of anything relating to what and when either counsel knew about any alibi witness, this Court in *McCloud II* remanded the case for a hearing limited to why neither trial counsel filed a timely notice of an alibi defense, *i.e.*, what and when did either counsel know about Appellant's wish to mount an alibi defense.
> 
> At the evidentiary hearing held upon remand, Appellant testified and indicated that he was at a birthday party at his family's home and that the witnesses that should have been called would have testified about their interaction with him on the night in question. He testified that he had informed Attorney Hessley about these witnesses and identified a letter that was sent to him by Attorney Hessley, requesting information about witnesses that Appellant wished to call on his own behalf. He also states that he discussed his alibi witness with Attorney Ungerman, after Attorney Ungerman took over his representation.
> 
> Both counsel also testified at the evidentiary hearing on remand, explaining that during their individual representations of Appellant two separate cases against Appellant were proceeding simultaneously and that the other matter [i.e., the attempted homicide case] was the more serious since in that other case Appellant faced an attempted homicide charge. The testimony revealed that in the other matter Appellant's defense strategy was self defense and that his brother witnessed the altercation. The attorneys both indicated that the referenced letter from Attorney Hessley concerned the other matter and that Appellant's defense strategy in this case was one of mistaken identity in that the victim had identified Appellant from a television newscast. Each attorney's testimony supported the other's testimony, with both noting that Appellant had never discussed alibi witnesses with either of them with regard to this case and that, therefore, Attorney Hessley did not mention such a defense when turning over Appellant's file to Attorney Ungerman. Notably, Appellant's own testimony at trial never referenced a birthday party he attended at his family's home, which now appears to be the basis of Appellant's belated alibi defense.

> Additionally, the Commonwealth points out that Attorney Ungerman's testimony at the PCRA remand hearing was corroborated by his on-the-record statement to the trial court just prior to trial. Specifically, the information conveyed to the trial court explained why the notice of alibi defense was not filed until November 2, 2006, just days before trial began on November 6, 2006. Attorney Ungerman indicated that on November 1, 2006, he had received a phone call that made him aware that several people, whose names and addresses he recorded, would be willing to testify that they were with Appellant on the night of March 31, 2006, the date of the attack on the victim. Attorney Ungerman then filed the alibi defense notice the next day.
>
> The PCRA court's brief statement in its order denying relief to Appellant reveals that it credited both attorneys' testimony that neither knew anything about any alibi witnesses and that only the phone call on November 1st alerted Attorney Ungerman that Appellant might wish to present an alibi defense in this case. Because the record supports that PCRA court's determination in this regard, we will not disturb it here on appeal. . . . Consequently, we conclude that the [PCRA trial] court did not abuse its discretion in finding that Appellant did not carry his burden of proving that either counsel was ineffective for not filing a timely notice of an alibi defense pursuant to Pa.R.Crim.P. 567. We, therefore, affirm the PCRA court's denial of Appellant's PCRA petition.

Superior Court slip. op., 5/21/10, at 7 – 10 (footnote omitted).

In reviewing Petitioner's ineffective assistance claim, the Pennsylvania Superior Court applied the three pronged test for ineffective assistance of counsel which is utilized in Pennsylvania state courts and which is ultimately derived from Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987). This standard has been found to be materially identical to the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). Werts, 228 F.3d at 203. The United States Court of Appeals for the Third Circuit has ruled that this standard is not "contrary to" Strickland, and therefore, "the appropriate inquiry is whether the Pennsylvania courts' application of Strickland to [petitioner's] ineffectiveness claim was objectively unreasonable, i.e., the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under Strickland." Id. at 204. Because the state courts decided Petitioner's claims of ineffective assistance of counsel under the standards of Pierce and those

7

standards are essentially the same as the Strickland standard, this Court is required to apply the deferential standard of 28 U.S.C. § 2254(d), which demands that a habeas petitioner demonstrate that the State Court's adjudication of the federal claim resulted in a decision that was contrary to Supreme Court precedents or an unreasonable application of federal law. Pursuant to the holding of Werts, Petitioner is barred from arguing that the decisions of the state courts, applying the Pierce standard, are contrary to the standard announced in Strickland. Petitioner could argue the second sense of "contrary to," i.e., the state courts reached a different result from that of the United States Supreme Court on a set of materially indistinguishable facts.

However, Petitioner has not argued and does not point to any United States Supreme Court decision, in existence at the time that the state courts rendered their decisions in this case, that have a set of facts that are materially indistinguishable from Petitioner's case where the outcome was different from the outcome reached by the state courts herein. Williams, 529 U.S. at 412 (analyzing whether a state court decision is "contrary to" Supreme Court precedent requires analysis of the "holdings as opposed to the dicta, of this Court's decisions as of the time of the relevant state court decision."). Indeed, even assuming that Strickland had a set of facts that are materially indistinguishable from the facts of Petitioner's case, the outcome of Strickland and the outcome in Petitioner's appeal in the Superior Court were the same, i.e., the criminal defendant was denied relief in both cases. Accordingly, Petitioner has not shown that the Pennsylvania Superior Court's decision in this case was contrary to clearly established federal law as determined by the United States Supreme Court. Thus it remains open to Petitioner to show that the decisions of the state courts were an unreasonable application of federal law.

However, Petitioner fails to show that the state courts' disposition of his claims was an unreasonable application of United States Supreme Court precedent. In Strickland v.

Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to effective assistance of counsel. First, the defendant must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). In reviewing counsel's actions, the court presumes that counsel was effective. Strickland, 466 U.S. at 689. There is no one correct way to represent a client and counsel must have latitude to make tactical decisions. Lewis v. Mazurkiewicz, 915 F.2d 106, 115 (3d Cir. 1990)("[W]hether or not some other strategy would have ultimately proved more successful, counsel's advice was reasonable and must therefore be sustained."). In light of the foregoing, the Court of Appeals for the Third Circuit has explained, "[i]t is [] only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Kauffman, 109 F.3d 186, 190 (3d Cir. 1997)(quoting United States v. Gray, 878 F.2d 702, 711 (3d Cir.1989)).

Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Williams, 529 U.S. at 391.

Moreover, because the Superior Court addressed this claim of ineffectiveness on the merits, this Court must apply the deferential standards of the AEDPA, which results in a doubly deferential standard as explained by the United States Supreme Court:

9

> "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' *id.*, at 689 [104 S.Ct. 2052]; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, *Knowles*, 556 U.S., at ——, 129 S.Ct., at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at —— [129 S.Ct., at 1420]. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."

Premo v. Moore, __ U.S. __, __, 131 S.Ct. 733, 740 (2011) (quoting Harrington v. Richter, 131 S.Ct. 770, 788 (2011)). Accord Grant v. Lockett, 709 F.3d 224, 232 (3d Cir. 2013) ("'A state court must be granted a deference and latitude that are not in operation when the case involves [direct] review under the *Strickland* standard itself.' *Id.* Federal habeas review of ineffective assistance of counsel claims is thus 'doubly deferential.' *Pinholster*, 131 S.Ct. at 1403. Federal habeas courts must 'take a highly deferential look at counsel's performance' under *Strickland*, 'through the deferential lens of § 2254(d).'").

The Superior Court's disposition of Petitioner's ineffectiveness claim was essentially a conclusion that neither counsel rendered deficient performance in the tardy filing of the notice of alibi defense because Petitioner had not informed his counsel of the existence of the alibi witnesses or alibi defense and that the alleged alibi defendants themselves did not contact Petitioner's attorneys until a couple days prior to trial. This is an eminently reasonable application of the Strickland standard. At least, Petitioner has not established that the Superior Court's disposition of this claim was unreasonable, yet alone, incorrect. See Clark v. Maxurkiewicz, Civ.A. No. 12-213, 2013 WL 357472 at *19 (W.D.Pa., Jan. 3, 2013) ("In order to prevail on a claim of ineffectiveness for counsel's failure to call a witness, the burden of proof is on the defendant to show that: (1) the witness exists; (2) the witness was available to testify at

trial; (3) the witness was willing to testify on the defendant's behalf; (4) **trial counsel knew or should have known of the witness' existence**; and (5) the absence of the testimony prejudiced the defendant.") (emphasis added).

Accordingly, this issue does not afford Petitioner relief.

### 2. Counsel Was Not Ineffective For Failing to File a Direct Appeal

Petitioner's second issue is that Attorney Ungerman was ineffective for failing to file a direct appeal after the trial. There are at least two problems with this claim.

First, we find that this claim has been procedurally defaulted. It was procedurally defaulted because although Petitioner raised this very claim in his pro se PCRA petition, after counsel was appointed to Petitioner and filed an amended PCRA petition, that amended PCRA petition did not include this issue of Attorney Ungerman's failure to file a direct appeal. Even though the ineffective assistance of PCRA counsel for failing to include this claim could serve as "cause" so as to excuse this procedural default, Martinez v. Ryan, __ U.S. __, 132 S.Ct. 1309 (2012), contrary to Petitioner's contention, ECF No. 17 at 2, his PCRA counsel cannot have been ineffective for failing to raise a meritless claim. Werts v. Vaughn, 228 F.3d at 202 ("counsel cannot be deemed ineffective for failing to raise a meritless claim"). As explained next, Petitioner cannot establish the ineffectiveness of Attorney Ungerman for failing to file a direct appeal because Petitioner cannot establish that he was prejudiced by such a failure on the part of Attorney Ungerman, given that Petitioner himself filed a pro se notice of appeal. Thus, given that the claim that Attorney Ungerman was ineffective is a meritless claim, PCRA counsel cannot have been ineffective for not raising the claim of Attorney Ungerman's alleged ineffectiveness.

11

Secondly, even if the claim were not procedurally defaulted, it would not merit any relief. When Petitioner apparently discovered that Attorney Ungerman failed to file a notice of appeal, Petitioner, himself, filed such a notice of appeal pro se. The Superior Court entertained the appeal and ordered Attorney Ungerman to file an appellate brief on behalf of Petitioner and Attorney Ungerman complied and raised the only issue cognizable in the direct appeal, namely, that the sentence imposed by the trial court was an abuse of discretion. Because Petitioner in fact obtained direct appellate review of his conviction, notwithstanding Attorney Ungerman's alleged failure to file a notice of appeal, Petitioner cannot establish the prejudice prong of the Strickland test under such a circumstance. Douglas v. Wolf, 201 F. App'x 119 (3d Cir. 2006).

Just as in Douglas v. Wolf, even if Petitioner requested Attorney Ungerman to file a direct appeal and Attorney Ungerman failed to do so, Petitioner cannot show that he was prejudiced given that Petitioner, in fact, obtained direct appellate review of his conviction. Douglas v. Wolf, 201 F. App'x at 122 ("Douglas fails to demonstrate prejudice under Flores-Ortega because he filed a timely notice of direct appeal and request for appointment of counsel, on July 8, 1998, and therefore cannot show that [his two attorneys] Zugay's or Ahmad's 'deficient performance ... actually cause[d] the forfeiture of [his] appeal.'").[2] Accordingly, this

---

[2] While it appears that Petitioner sought to raise several issues in the direct appeal, see State Court Record at Entry No. 24, which is the pro se "Concise Statement of Matters Complained of On Appeal," all but one of the issues appeared to be claims against his trial counsel for ineffective assistance of counsel. As noted by the Respondents, such claims of ineffective assistance of counsel are not cognizable on direct appeal in Pennsylvania and must await the PCRA proceedings in order to be raised. Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002). The sole claim which did not concern the ineffective assistance of counsel was a claim that the Petitioner's sentence was excessive. "Concise Statement of Matters Complained of On Appeal," ("I feel that I had gotten to[o] much time because of there [were] alot [sic] of people [perpetrators] in my case and I was [the] one who gotten blame[d] for all of it."). The only claim raised by Petitioner in his pro se Statement of Matters Complained Of On Appeal, which was cognizable on direct appeal was the sole claim raised by Attorney Ungerman in his brief on direct appeal, *i.e.*, the allegedly excessive sentence. State Court Record, Appellate Brief to

12

issue does not afford Petitioner relief.

### 3. Petitioner's Sentencing Claim Is Not Cognizable.

We next consider Petitioner's third and final issue, namely, did the Court of Common Pleas of Erie County abuse its discretion by using insufficient reasons placed on the record for justifying a sentence in the aggravated range. The Respondents point out in their Answer that this claim is not a cognizable claim in federal habeas proceedings. Respondents are correct.

The general rule in federal habeas proceedings is that "a federal court will not reevaluate a sentence in a habeas corpus proceeding unless it exceeds the statutory limits." Milton v. Graterford, Civ.A. No. 1:09–CV–1477, 2010 WL 5060199, at *1 (M.D.Pa. Dec. 6, 2010) (*citing* Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42–43 (3d Cir. 1984)); see Coleman v. Folino, Civ.A. No. 09-1225, 2010 WL 2683151, at *9 (W.D.Pa. June 1, 2010) (finding that "[g]enerally, sentencing is a matter of state criminal procedure and does not fall within the purview of federal habeas corpus" and "a federal court will not normally review a state sentencing determination that falls within the statutory limit"), *adopted by*, 2010 WL 2653351 (W.D. July 2, 2010); DeSavage v. Lawler, Civ.A. No. 08-92, 2010 WL 411754, at *10 (W.D.Pa. Jan.28, 2010) (same). Petitioner has not alleged that the sentence he received was beyond the statutory maximum. Nor has he alleged anything that would take his case outside of the general rule that state prisoner attacks on the discretionary aspects of sentencing are simply not cognizable because they present no federal law question. Coleman, 2010 WL 2683151, at *10 (finding that claim challenging sentencing court's imposition of consecutive sentences did not raise any constitutional question).

---

Superior Court at 7, filed on 9/28/2007 by Attorney Ungerman ("Were there insufficient reasons placed on the record for justifying a sentence at the top end of the Aggravated Range").

13

Nor does Petitioner's conclusory suggestion that the sentence is excessive and/or insufficient reasons were given for sentencing him in the aggravated range and suggesting such was fundamentally unfair, echoing a substantive due process claim, take this case outside of the general rule. See, e.g., Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 43 (3d Cir. 1984)(in the context of a challenge to a disparate sentence, the Court stated "Nor is there support for Jones' assertion that the fourteenth amendment confers a due process right to the correct determination of issues of state law."); Yarbrough v. Klopotoski, No. 09-0336, 2009 WL 4810553, at *28 (E.D.Pa. Oct. 30, 2009) (rejecting a claim that the sentence was manifestly excessive, the court held: "This claim alleges only a violation of Pennsylvania law, and not a violation of the federal Constitution. See Mem. of Law. at ¶ 16. Thus, this claim is not cognizable in a federal habeas proceeding. *See Estelle*, 502 U.S. at 67-68 ('[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.')").

Accordingly, this issue does not afford Petitioner relief.

### D. Certificate of Appealability

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2).

Applying this standard to the instant case, the Court concludes that Petitioner has not made any such showing and further we conclude that jurists of reason would not find the recommended disposition of this Petition debatable. Accordingly, a certificate of appealability should be denied.

**III. CONCLUSION**

Petitioner has failed to carry his burden to show entitlement to relief. As to the first ground of ineffective assistance of counsel concerning an alibi defense, Petitioner failed to show that the Pennsylvania Superior Court's disposition of this claim was contrary to or an unreasonable application of United States Supreme Court precedent. As to the second ground of ineffectiveness for failing to file a direct appeal, Petitioner procedurally defaulted this claim. Furthermore, even if not procedurally defaulted, Petitioner cannot establish prejudice from the failure of counsel to file a direct appeal since Petitioner himself did. Petitioner's third ground raises only a sentencing claim which is solely an issue of state law and not cognizable in federal habeas proceedings.

For the reasons set forth herein, this Court finds that Petitioner has not established that he is being held in violation of the Constitution, laws or treaties of the United States. None of the three grounds alleged in the Petition afford him relief. Accordingly, the Petition should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right

to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

           Respectfully submitted:

           *s/ Maureen P. Kelly*
           MAUREEN P. KELLY
           U.S. MAGISTRATE JUDGE

Date: June 28, 2013

cc: The Honorable Maurice B. Cohill
   Senior United States District Judge

   All Counsel of Record via CM-ECF

   Josh McCloud
   GX2050
   SCI Somerset
   1600 Walters Mill Road
   Somerset, PA 15510